## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PATRICIA CHAVEZ-RODRIGUEZ,

        Plaintiff,

vs.                                  No. CIV 07-633 JB/DJS

CITY OF SANTA FE, MAYOR DAVID COSS,
in His Official and Individual Capacity,
COUNCILOR KAREN HELDMEYER,
in Her Official and Individual Capacity,
JOHN B. "JACK" HIATT in His Official
and Individual Capacity,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion and Memorandum for Judgment on the Pleadings on Count III of Plaintiff's Complaint (Assault), filed March 13, 2008 (Doc. 63)("Assault Motion"); (ii) the Defendants' Motion and Memorandum in Support Thereof for Judgment on the Pleadings on Count I of Plaintiff's Complaint (First Amendment Rights Under the United States and New Mexico Constitutions), filed July 31, 2008 (Doc. 139)("Speech Motion"); and (iii) the Defendants' Motion and Memorandum in Support Thereof for Partial Summary Judgment on Count II (Due Process Rights Under the United States and New Mexico Constitutions) and for Qualified Immunity, filed August 11, 2008 (Doc. 150)("Due Process Motion").   The Court held a hearing on the motions on September 25, 2008.  The Court has already addressed the federal claims in the Speech Motion and the Due Process Motion.  Only the state law claims from those motions are before the Court in this opinion.

The primary issue is whether sovereign immunity bars Plaintiff Patricia Chavez-Rodriguez' claims.  Specifically, the issues are: (i) whether there is a waiver of immunity or cause of action that

would allow Chavez-Rodriguez to bring claims for violations of the New Mexico Constitution against the Defendants City of Santa Fe, David Coss, Karen Heldmeyer, and John B. "Jack" Hiatt; and (ii) whether there is a waiver of immunity allowing Chavez-Rodriguez to bring a claim of assault against Hiatt.  Because the New Mexico Tort Claims Act ("NMTCA") does not have a waiver of immunity for claims against government entities or officials for state constitutional torts, and because there is no private cause of action under the New Mexico Constitution without a waiver, the Court will grant the Due Process Motion and Speech Motion with respect to the state constitution claims.  Because the Court concludes that the NMTCA would provide Hiatt immunity if he were acting within the scope of his duties, but that it is not clear from the face of the Complaint that Hiatt was so acting, the Court will grant in part and deny in part the Assault Motion with respect to Hiatt's immunity.  The Court will submit the issue whether Hiatt was acting in the scope of his duties to the jury.  Because it is clear from the face of the Complaint that no exception under the NMTCA applies to Hiatt's alleged assault if it occurred in the scope of his duties, the Court will grant the Assault Motion with respect to the City's immunity.

## FACTUAL BACKGROUND

The Court has already discussed in detail the facts underlying this case elsewhere.  See Memorandum Opinion and Order at 2-6, filed October 9, 2008 (Doc. 212)("October 9 Memo."); Memorandum Opinion and Order at 2-11, filed October 17, 2008 (Doc. 234).  The Court will lay out the relevant facts for the Assault Motion because they are brief and undisputed.

The assault claim in Count III of the Complaint states in its entirety:

COUNT III

ASSAULT

50.     Plaintiff incorporates the foregoing allegations of the Complaint as if fully set forth

below, and for her third count, against Defendant Hiatt, for assault, states as follows:

51.     When Hiatt swung a baseball bat in Plaintiff's direction, without cause, reason, or privilege to do so, **while at a meeting in his office**, Plaintiff was put in fear of immediate bodily harm.

52.     As a direct and proximate result of the assault upon her by Hiatt, Plaintiff has suffered damages in an amount to be proven at the time of trial.

53.     The foregoing actions of Hiatt, in swinging a baseball bat in Plaintiff's direction, were malicious, intentional, deliberate and wilful, so as to entitle Plaintiff to a sum in punitive damages as provided by law.

Exhibit A to Notice of Removal, Complaint to Recover Damages for Violations of Rights Guaranteed by the United States Constitution and the New Mexico Constitution, Assault, Punitive Damages, Attorney's Fees and Costs ¶¶ 51-53, at 12, filed July 2, 2007 (Doc. 1-2)("Complaint")(emphasis added).

The underlying factual allegations, upon which the Defendants rely for their Assault Motion are as follows:

5.     . . . At all times material to the allegations in the Complaint, **he [Hiatt] was the Assistant City Manager.**

6.     Ruben Lovato was an employee of the City of Santa Fe, and at all times material to the allegations here, was the Community Services Department Director for Defendant City of Santa Fe. . . .

23.     On November 22, 2008, **a meeting was held in Hiatt's office.**  Both Plaintiff and Lovato were prevent.  Hiatt swung a baseball bat in the direction of Plaintiff.

24.     When Hiatt swung the baseball bat in the direction of Plaintiff, he did not hit her, but the manner and proximity of the bat swing was such that Plaintiff felt immediate fear of imminent bodily harm.

Id. ¶¶ 5-6, 23-24, at 2, 8 (emphasis added).  The Court believes that the bolded language is the only language in the Complaint that reveals anything about whether Hiatt was acting in the scope of duty when he allegedly assaulted Chavez-Rodriguez.

## PROCEDURAL BACKGROUND

The Court has already issued orders on Chavez-Rodriguez' federal claims.  Chavez-Rodriguez' state law claims are before the Court in this opinion.  The Court has previously discussed the arguments the parties advanced on Chavez-Rodriguez' due-process claims under the New Mexico Constitution.  See October 9 Memo. at 7-9, 11.  The Defendants' reasoning in the Speech Motion is similar to that contained in the Due Process Motion.  Similarly, Chavez-Rodriguez' counter-argument on the free-speech clause of the New Mexico Constitution tracks the reasoning she employed in responding to the Due Process Motion.  Accordingly, the Court will not revisit those arguments here.

The issues the Assault Motion raises are sufficiently different to merit individual treatment.  The Defendants argue that, unless there is a waiver of immunity, the NMTCA protects public employees like Hiatt from lawsuits seeking damages for torts performed in their official capacities.  See Assault Motion at 2.  The NMTCA, they contend, does not contain a waiver of immunity that would encompass Chavez-Rodriguez' assault claim.  See id.  The Defendants acknowledge that the NMTCA has a waiver of immunity for assault, but only for law enforcement officers.  See id. at 3.  They maintain that an assistant city manager is not a law enforcement officer, as New Mexico case law has held that employees whose duties are primarily administrative are not law enforcement officers under the NMTCA, even those officials whose work is entirely in the criminal-justice sector.  See id. at 3-4.

Chavez-Rodriguez does not contest that Hiatt was not a law enforcement officer, but rather argues that committing an intentional tort cannot be within the scope of his duties.  Chavez-Rodriguez maintains that New Mexico case law holds that intentional torts are generally not within an employee's duties.  See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss

Count III (Assault) at 3, filed March 19, 2008 (Doc. 64)("Response").  Because the NMTCA provides immunity only to public employees acting in the course of their duties, Chavez-Rodriguez asserts that Hiatt cannot claim immunity under the NMTCA as a matter of law.  See id. at 3-4.  In the alternative, she argues that whether Hiatt was acting within the scope of his duties is a factual question that a jury should answer.  See id. at 4-5.

In reply, the Defendants contend that Chavez-Rodriguez conflates the law of agency and NMTCA law.  See Reply to Plaintiff's Response in Opposition [Doc. 64] to Defendants' Motion for Judgment on the Pleadings on Count III (Assault) [Doc. 63] at 1, filed April 2, 2008 (Doc. 81)("Reply")(brackets in original).  According to the Defendants, the scope of employment in the common-law tort and agency context, and the scope of duty in the NMTCA context, are two distinct standards, and the latter includes intentional torts.  See id. at 3-5.  The Defendants also maintain that there is no triable issue regarding whether Hiatt was acting as an employee because it is undisputed that the alleged assault occurred during a meeting.  See id. at 5-7.  The Defendants emphasize that the NMTCA can cover malicious and even criminal acts, as New Mexico law looks not to the nature of the act, but to the nature of the employee's duty.  See id. at 7-9.

At the hearing, Pierre Levy, Chavez-Rodriguez' attorney, emphasized that the Defendants' motion was on the pleadings, although he did allow that it would be a reasonable inference from the Complaint to assume that Hiatt's holding a meeting in his office meant that Hiatt was conducting City business.  See Transcript of Hearing at 18:16-20 (Court), 18:21-23 (Levy)(taken September 25, 2008)("Tr.").[1]  Robyn Hoffman, the Defendants' counsel, argued that the Complaint implied that Hiatt was acting as Assistant City Manager at all relevant times, and that therefore no discovery had

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

been had regarding whether he was acting in the scope of his duty.  See id. at 26:4-14 (Hoffman).

As a result, she contended, it would be unfair to not find that Hiatt was acting in the course of his

duties at the meeting without allowing Chavez-Rodriguez to amend her Complaint and the

Defendants to conduct discovery on the issue.  See id. at 29:21-30:4 (Hoffman).  The Court

indicated that it was uncomfortable with saying the meeting was automatically within the scope of

Hiatt's employment based on the pleadings in the Complaint, but that it was only the pleadings to

which the Court would be able to look on the motion.  See id. at 30:23-31:7 (Court).

## THE NMTCA AND THE NEW MEXICO CONSTITUTION

The Court has already discussed the law relevant to the interaction of the NMTCA and the

New Mexico Constitution.  See October 9 Memo. at 16-17.  The Court will not repeat that

discussion, but will consider the different issues raised by the interaction of the NMTCA with

common law torts.

The immunity granted under the NMTCA:

> does not apply to liability for personal injury, bodily injury, wrongful death or
> property damage resulting from assault, battery, false imprisonment, false arrest,
> malicious prosecution, abuse of process, libel, slander, defamation of character,
> violation of property rights or deprivation of any rights, privileges or immunities
> secured by the constitution and laws of the United States or New Mexico when
> caused by law enforcement officers while acting within the scope of their duties.

N.M.S.A. 1978 § 41-4-12.  A law-enforcement officer is a "full-time salaried public employee of

a governmental entity whose principal duties under law are to hold in custody any person accused

of a criminal offense, to maintain public order or to make arrests for crimes, or members of the

national guard when called to active duty by the governor."  Id. § 41-4-3.  New Mexico courts have

construed this definition strictly.  They have held that the Director of the New Mexico Motor

Vehicle Department, who has statutory power to make arrests, was not a law-enforcement officer

because the "vast majority of [his] time and effort are involved in administrative matters."  Dunn v. State ex rel. Taxation & Revenue Dep't, Motor Vehicle Div., 116 N.M. 1, 4, 859 P.2d 469, 473 (Ct.App.1993).  Nor have various persons associated with the criminal-justice system been held to be law-enforcement officers.  See, e.g., Coyazo v. State, 120 N.M. 47, 49-51, 897 P.2d 234, 236-38 (Ct.App. 1995)(district attorneys and staff); Silva v. State, 106 N.M. 472, 478 745 P.2d 380, 386 (1987)(Secretary of Corrections).

The NMTCA grants immunity only to a "public employee while acting within the scope of duty."  N.M.S.A. 1978 § 41-4-4A.  "Scope of duty" is defined as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance."  Id. § 41-4-3G.  The New Mexico Court of Appeals has held "that the phrase 'scope of duties' in the [NM]TCA differs from the common law term 'scope of employment.'"  Risk Management Div. v. McBrayer, 129 N.M. 778, 780, 14 P.3d 43, 45 (Ct.App. 2000), cert. denied 130 N.M. 17, 16 P.3d 442 (2000).

Risk Management Div. v. McBrayer involved the state's duty to defend and the law of indemnification, but was interpreting the same phrase at issue in determining whether immunity attaches.  In Risk Management Div. v. McBrayer, Eduardo Araiza, an instructor at New Mexico State University ("NMSU"), had lured a student to his apartment under the guise of getting make-up assignments, and had then sexually assaulted, tortured, and attempted to kill the student.  See 129 N.M. at 780, 14 P.3d at 45.  The New Mexico Risk Management Division sought a declaratory judgment that it had no duty to defend Araiza or to pay for any civil liability he might incur.  See 129 N.M. at 779-80, 14 P.3d at 44-45.  The New Mexico Court of Appeals stated:

> [T]he [New Mexico] legislature likely foresaw the possibility that a public employee could abuse the duties actually requested, required or authorized by his state employer and thereby commit malicious, even criminal acts that were unauthorized,

yet incidental to the performance of those duties. And it is equally likely that the legislature intended that those unauthorized acts would fall within the scope of duties as defined in the [NM]TCA.

Risk Management Div. v. McBrayer, 129 N.M. at 783-84, 14 P.3d at 48-49.  The Court of Appeals

went on:

> It is then for the fact finder to decide whether the criminal acts were done while Araiza was acting within his scope of duty: while performing a <u>duty</u> that he was requested, required or authorized to perform by NMSU. Here, the issue of scope of duty centers on what NMSU requested, required or authorized as it related either generally or specifically to Araiza's duty as an instructor to help a student obtain her homework assignments.
>
> {20} By examining only the aberrant behavior of Araiza, RMD overlooks how this sexual assault came about – through Araiza's duty as a university instructor to distribute homework assignments. Because it appears that Araiza used this authorized duty as a subterfuge to accomplish his assault, we find that a reasonable fact finder could determine that his actions were within the scope of the duties that NMSU requested, required or authorized him to perform. After all, the TCA defines scope of duties as "performing any <u>duties</u> [, not acts,] that a public employee is requested, required or authorized to perform." Section 41-4-3(G) (emphasis added). It is the duty, not the tortious or criminal act, that triggers the state's obligations under Sections 41-4-4(B) and 41-4-4(D).

Risk Management Div. v. McBrayer, 129 N.M. at 784, 14 P.3d at 49.

In <u>Celaya v. Hall</u>, 135 N.M. 115, 85 P.3d 239 (2004), the Supreme Court of New Mexico

adopted the Court of Appeals' distinction between scope of duty under the NMTCA and scope of

employment under the common law.  <u>See</u> 135 N.M. at 121-23, 85 P.3d at 245-47.  The Supreme

Court held that a volunteer chaplain with the Bernalillo County Sheriff's Department, who had been

given a vehicle to drive to and from official functions, would have been acting within the scope of

his duties if he was driving to or from an official function when he ran over a teenager's foot in a

Wal-Mart parking lot.  <u>See id.</u>, 135 N.M. at 117, 121, 85 P.3d at 241, 245.  The only evidence that

he was in transit to or from an official function was that it was his habit to only use the vehicle when

in transit to or from work; he could not remember whether he had been stopping off for an errand

while on the way to or from an official event when the incident at Wal-Mart occurred.  See id., 135

N.M. at 121, 85 P.3d at 245.  That evidence was not enough, and the Supreme Court held that a jury

must decide the issue.  See id., 135 N.M. at 122, 85 P.3d at 246.

   The New Mexico Court of Appeals has elaborated on the scope-of-duty rule in a string of

cases decided after Risk Management Div. v. McBrayer and Celaya v. Hall.  In Seeds v. Lucero,

137 N.M. 589, 113 P.3d 859 (Ct.App. 2005), the Court of Appeals held that city officials' "utilizing

the machinery of city government" against private individuals for personal motives would be

covered by the NMTCA.  137 N.M. at 593, 113 P.3d at 863.  In Vigil v. State Auditor's Office, 138

N.M. 63, 116 P.3d 854 (Ct.App. 2005), the Court of Appeals held that the a state auditor conducting

audits in violation of statute, and making false audits, would be covered by the NMTCA.  See 138

N.M. at 68, 116 P.3d at 859.  In Henning v. Rounds, 142 N.M. 803,  171 P.3d 317 (Ct.App. 2007),

the New Mexico Court of Appeals held that a principal's allegedly false and misleading comments

and evaluations of a teacher were actions committed within the scope of duty.  See 142 N.M. at 806-

08,  171 P.3d at 320-22.

## ANALYSIS

   The NMTCA provides immunity to cities such as Santa Fe, and to city officials acting with

in the scope of their duties, unless some exception applies.  Because there is no exception in the

NMTCA waiving immunity for constitutional torts under either the free-speech or due-process

clauses of the New Mexico Constitution, and because the individual Defendants were all acting

within the scope of their duties with respect to Chavez-Rodriguez' state constitution claims, and

because there is no private cause of action under the New Mexico Constitution, the Court concludes

that all of Chavez-Rodriguez' claims under the New Mexico Constitution are barred by sovereign

immunity.  The Court also concludes that no exception would cover Hiatt's alleged assault, so the

City is immune from any liability if Hiatt is found to have committed assault.  It is not clear from the pleadings, however, that Hiatt was acting within the scope of his duties at the meeting. Accordingly, the Court cannot decide as a matter of law that Hiatt is immune from suit.[2]

I.      **THERE IS NO WAIVER OF IMMUNITY OR CAUSE OF ACTION FOR CLAIMS BROUGHT UNDER THE NEW MEXICO CONSTITUTION.**

New Mexico's Constitution contains a due-process clause virtually identical to the Due Process Clauses in the Fifth and Fourteenth Amendments to the federal Constitution.  See N.M. CONST. art. II, § 18.  The New Mexico Constitution also guarantees the right to freedom of speech, albeit in different terms: "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."  Id. § 17.  Chavez-Rodriguez cannot, however, rely on § 1983 to create a cause of action or abrogate state sovereign immunity for a violation of state-constitutional law.  Because she has not shown any waiver of immunity for violations of the New Mexico Constitution's due-process or free-speech clauses, or any cause of action under the New Mexico Constitution, the Defendants are entitled to summary judgment on her state constitution claims.

The NMTCA grants state entities and public employees acting within the scope of their duties immunity from tort claims, unless a particular exception applies.  See N.M.S.A.1978 § 41-4-4A.  The individual Defendants are public employees of the City of Santa Fe, and if they were

_____

[2] Although the Court reaches different results on whether the Defendants were acting within the scope of their duties as a matter of law with respect to the constitutional claims, and whether Hiatt was acting within the scope of his duty as a matter of law with respect to the assault claim, this is a result of the former being resolved on summary judgment rather than a motion to dismiss, and of Chavez-Rodriguez challenging the scope of duty for the assault claim but not the state constitution claims.

acting within the scope of their duties, they would be immune.  Because the actions the Defendants took were within the scope of their duties, they are entitled to immunity under the NMTCA.  See Weinstein v. City of Santa Fe, 121 N.M. 646, 649, 916 P.2d 1313, 1316 (1996).[3]  Even if they were not acting within the scope of their duties, there is no private cause of action to enforce the New Mexico Constitution.[4]  See, e.g., Barreras v. State of New Mexico Corrections Dept., 133 N.M. at 319, 62 P.3d at 776 (Ct.App. 2002); Chavez v. City of Albuquerque, 124 N.M. 479, 482, 952 P.2d 474, 477 (Ct.App. 1997).

The City of Santa Fe is a "local public body" and a "government entity" as defined by the NMTCA and is therefore also entitled to immunity.  N.M.S.A.1978 §§ 41-4-3B - C; Cole v. City of Las Cruces, 99 N.M.302, 304-05, 657 P.2d 629, 631-32 (1984).  The NMTCA treats violations of state and federal constitutional rights the same as common-law torts, barring them both, absent an exception allowing suit.  See N.M.S.A.1978 § 41-4-4(B)(2) (extending immunity for "any violation of property rights or any rights privileges or immunities secured by . . . the constitution and laws of New Mexico"); Begay v. State, 104 N.M. 483, 488, 723 P.2d 252, 257 (Ct.App. 1985) rev'd

---

[3] It is also likely that if the individual Defendants were not acting within the scope of their duties that there would be no state action.  The Supreme Court of New Mexico has suggested that the New Mexico Constitution requires state action and does not apply to private actors.  See State v. Cardenas-Alvarez, 130 N.M. 386, 393, 25 P.3d 225, 232 (2002)(considering whether federal agents were like private actors and should not be subject to constitutional restraints).

[4] The New Mexico courts have treated the questions whether there is a cause of action under the New Mexico Constitution or a waiver of immunity under the NMTCA as essentially the same question.  See, e.g., Barreras v. State of New Mexico Corrections Dept., 133 N.M. 313, 319 62 P.3d 770, 776 (Ct.App. 2002)("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the [NMTCA]. . . . Although Plaintiffs urge this Court to reverse our prior rulings and recognize a private cause of action to vindicate their rights, we are not inclined to do so in the context of this particular appeal.").

<u>sub</u> <u>nom.</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Smialek v. Begay</u>, 104 N.M. 375, 721 P.2d 1306 (1986).

Chavez-Rodriguez has not pointed to any provision of the NMTCA waiving immunity for her claims under the New Mexico Constitution, nor has she cited any authority demonstrating that the she has a private cause of action to enforce an alleged violation of the New Mexico Constitution. She challenges, however, the Defendants' use of <u>Ford v. New Mexico Dep't of Public Safety</u> to support their position.  Her challenge has merit, but cannot save her claim.  Chavez-Rodriguez correctly notes that <u>Ford v. New Mexico Dep't of Public Safety</u> was principally a case about the preclusive effect a loss in federal court had on a claim brought in state court.  The Supreme Court of New Mexico's consideration of issues of immunity was arguably dicta.  <u>Ford v. New Mexico Dep't of Public Safety</u> was not, however, the only case upon which the Defendants relied.  The other cases, as well as the language of the NMTCA, all support the conclusion that a waiver of immunity under the NMTCA is a prerequisite to bringing a claim against a government actor for violating the New Mexico Constitution, or to recognizing a private cause of action.

The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived."  N.M.S.A.1978 § 41-4-17(A).  Chavez-Rodriguez, however, cannot fit her claim within the contours of any waiver of immunity under the NMTCA.  Her claims of state constitutional violations are therefore barred.  "Although the legislature cannot eliminate or limit a constitutional right, it need not provide a damage remedy for a violation of that right." <u>Ford v. New Mexico Dep't of Public Safety</u>, 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct.App. 1994).  Accordingly, the Court will enter summary judgment in the Defendants' favor on Chavez-Rodriguez' state constitution claims.

## II.   IT IS NOT CLEAR FROM THE COMPLAINT THAT HIATT WAS ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT.

The Defendants move for judgment on the pleadings with respect to Count III of the Complaint, which asserts an assault claim against Hiatt.  The Court concludes that the NMTCA precludes the City of Santa Fe from being held liable if Hiatt committed assault, but that Hiatt himself could be liable.  The Defendants' motion is on the pleadings, so the Court cannot consider any facts or allegations beyond the Complaint or Answer.  If Hiatt was acting within the scope of his duties, he would be immune, but if he was not acting within the scope of his duties, he could be held liable for assault.  Based on the pleadings alone, there is not enough of a basis for the Court to conclude as a matter of law that Hiatt was acting within the scope of his duties at the October 9, 2007, meeting.  Accordingly, a jury must resolve that particular issue.

As an initial matter, the Court notes that it is fair to the Defendants to not hold that Hiatt was acting within the scope of his duties at the meeting.  Although the Defendants maintain that the Complaint did not put them on notice that there was any allegation of Hiatt acting outside the scope of his duties, see Tr. at 26:4-14, 29:21-30:4 (Hoffman), the Court disagrees.  The paragraph in the Complaint to which the Defendants cite states that Hiatt, "[a]t all times material to the allegations in the Complaint, . . . was the Assistant City Manager."  Complaint ¶ 5, at 2.  This sentence says only that Hiatt was the Assistant City Manager at all relevant times, and not that he was acting as such at all relevant times.  Hiatt would, of course, remain Assistant City Manager when he was sleeping at night or shopping for groceries.  The Complaint says only that he occupied a particular position and not that everything he did was pursuant to the duties of that position.

It is clear from the face of the Complaint that the City cannot be held liable for the alleged

assault.[5]  The NMTCA's exception for assault is limited to law-enforcement officers.  Under New Mexico law, assistant city managers, who are primarily administrative officers, are not law-enforcement officers.  See, e.g., Dunn v. State ex rel. Taxation & Revenue Dep't, Motor Vehicle Div., 116 N.M. at 4, 859 P.2d at 473 (holding that director of department who had power to arrest, but primarily handled administrative tasks, was not a law enforcement officer); Coyazo v. State, 120 N.M. at 49-51, 897 P.2d at 236-38 (holding that district attorneys and staff not law enforcement officers).  If Hiatt was acting in the scope of his duties, there is no waiver, and thus he and the City would be immune.  If Hiatt was acting outside his duties, the City would not be liable for his actions outside the scope of his duties.  Moreover, while individual employees must be acting within the scope of their duties to invoke the protection of the NMTCA, there is no such restriction for municipalities.  See N.M.S.A. 1978 § 41-4-4A.  Municipalities can be liable only for damages pursuant to an express waiver in the NMTCA.  Because no such waiver applies here, the City of Santa Fe is immune from suit.

By contrast, it is not clear from the face of the Complaint that Hiatt was acting within the scope of his duties.  While the Court agrees with both parties that an inference that Hiatt was acting within the scope of his duties is a reasonable inference, the Court does not believe such an inference is the only reasonable inference.  The Complaint states that a meeting was occurring, but it does not mention what kind of meeting, whether the meeting concerned City of Santa Fe issues, and in what

---

[5] The Court also notes that the Complaint may not even be attempting to state a claim against the City for Hiatt's alleged assault.  Compare Complaint ¶ 45, at 11 ("and for her second count against the Defendants, and each of them") with id. ¶ 50, at 12 ("and for her third count, against Defendant Hiatt, for assault").

context the alleged assault occurred.[6]  Based solely on the pleadings – all to which the Court can look for this particular issue – the Court cannot conclude as a matter of law that the alleged assault occurred within the scope of Hiatt's duties.

Of all the cases decided by New Mexico courts on the scope of duty under the NMTCA, <u>Risk Management Div. v. McBrayer</u> seems the most analogous.  As with <u>Risk Management Div. v. McBrayer</u>, the issue here is whether an intentional tort that is different in character from any of the official's duties is nonetheless within the scope of the employee's duties.  The New Mexico Court of Appeals noted that Araiza apparently used one of his authorized duties as "a subterfuge to accomplish his assault" and as a result "a reasonable fact finder could determine that his actions were within the scope of [his] duties." <u>Risk Management Div. v. McBrayer</u>, 129 N.M. at 784, 14 P.3d at 49.  The Court of Appeals did not, however, hold that as a matter of law Araiza's actions were within the scope of his duties.

Those cases holding that some alleged tort was within an employee's duties as a matter of law have involved actions that were closely related to the underlying duty.  <u>Seeds v. Lucero</u> involved officials directly abusing the powers of their office.  <u>See</u> 137 N.M. at 593, 113 P.3d at 863.  <u>Vigil v. State Auditor's Office</u> involved a state auditor conducting audits in violation of statute, and making false audits.  <u>See</u> 138 N.M. at 68, 116 P.3d at 859.  <u>Henning v. Rounds</u> involved a principal's allegedly false and misleading comments and evaluations of a teacher.  <u>See</u> 142 N.M. at 806, 171

---

[6] At the hearing, the Court asked the Defendants' counsel whether holding religious meetings or political meetings would be within the scope of Hiatt's duties.  The Defendants' contended that it would, but did concede that in some extreme circumstances, such as Hiatt breaking into his office at night and coming across Chavez-Rodriguez, Hiatt could be at his office and not acting within the scope of his duties. Tr. at 28:5-29:20 (Court, Hoffman).  The important point, for this motion, is that even the Defendants concede that, at some point, acting on government land is not within the scope of an employee's duties.

P.3d at 320.  What these cases have in common is the alleged abuse of an actual duty or power of the official.  Celaya v. Hall involved conduct that was not so intimately tied to an actual duty – a chaplain's running over a person's foot.  See 135 N.M. at 117, 85 P.3d at 241.  The Supreme Court of New Mexico held that, if the chaplain had in fact been on his way to or from an official function, the NMTCA would cover the action.  See id., 135 N.M. at 121, 85 P.3d at 245.  The chaplain's action, however, was a negligent tort and not an intentional tort.

An assault is not as closely tied to holding a meeting, as, for instance, conducting a false and malicious audit is to conducting an appropriate audit.  Given that the scenario here is much closer to Risk Management Div. v. McBrayer than it is to cases like Vigil v. State Auditor's Office, and given that the Complaint contains only the bare mention of a meeting and the presence of another employee, the Court cannot conclude as a matter of law that Hiatt's alleged assault would be an action within the scope of his duty.

**IT IS ORDERED** that the Defendants' Motion and Memorandum for Judgment on the Pleadings on Count III of Plaintiff's Complaint (Assault) is granted in part and denied in part; the motion is granted with respect to the City of Santa Fe being immune from suit as a matter of law, but is denied with respect to Defendant John B. "Jack" Hiatt being immune from suit as a matter of law. The Defendants' Motion and Memorandum in Support Thereof for Judgment on the Pleadings on Count I of Plaintiff's Complaint (First Amendment Rights Under the United States and New Mexico Constitutions) is granted with respect to the claims under the New Mexico Constitution and the Defendants' Motion and Memorandum in Support Thereof for Partial Summary Judgment on Count II (Due Process Rights Under the United States and New Mexico Constitutions) and for Qualified Immunity is also granted with respect to the claims under the New Mexico Constitution.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel J O'Friel
Pierre Levy
O'Friel and Levy, P.C.
Santa Fe, New Mexico

     *Attorneys for the Plaintiff*

Steve French
Robyn B. Hoffman
Robert W. Becker
Michelle Blake
French & Associates, PC
Albuquerque, New Mexico

     *Attorneys for the Defendants*