**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA CHAVEZ-RODRIGUEZ,

Plaintiff,

vs. No. CIV 07-0633 JB/DJS

CITY OF SANTA FE, MAYOR DAVID COSS, in His Official and Individual Capacity, COUNCILOR KAREN HELDMEYER, in Her Official and Individual Capacity, JOHN B. "JACK" HIATT in His Official and Individual Capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion for Sanctions Pursuant to Rule 11(c) and the Inherent Power of this Court in Connection with Plaintiff's Response to Motion to Compel Deposition Testimony of Lowell Gilbert (Docs. 69 and 71), filed August 8, 2008 (Doc. 147). The Court held a hearing on September 25, 2008. The primary issue is whether the Court should issue sanctions against Plaintiff Patricia Chavez-Rodriguez' counsel, Daniel J. O'Friel, pursuant to rule 11(c) of the Federal Rules of Civil Procedure and the Court's inherent power to sanction a litigant for bad-faith conduct, on the grounds that the affidavits of Robert Lowell Gilbert attached to two filings with the Court contain allegedly false accusations that Assistant City Attorney Mark Allen and Robyn Hoffman, the Defendants' counsel, were responsible for break-ins at Gilbert's home. One of the statements in Gilbert's affidavit lacks a good-faith foundation, but there is sufficient justification for the remainder of the affidavit. The Court will therefore grant the motion in part and deny the motion in part. The Court will order that none of the parties may rely on the unsubstantiated statement in the affidavit and will further order Mr. O'Friel to pay the

Defendants fifteen-percent of their costs and fees reasonably incurred in briefing this motion.

**PROCEDURAL BACKGROUND**

Gilbert was first subpoenaed to appear for a deposition on February 20, 2008. See Memorandum in Support of Defendants' Motion for Sanctions Pursuant to Rule 11(c) and the Inherent Power of this Court in Connection with Plaintiff's Response to Motion to Compel Deposition Testimony of Lowell Gilbert (Docs. 69 and 71) at 2, filed August 8, 2008 (Doc. 148)("Memorandum"). According to the Defendants, Mr. O'Friel did not mention any connection between Gilbert and Mr. O'Friel's law firm during letters or a voice message regarding the upcoming deposition. See id. Before the deposition, however, the Defendants' counsel were informed that Gilbert was employed with Mr. O'Friel's firm. See id. After the deposition, on March 17, 2008, Ms. Hoffman notified Mr. O'Friel that she intended to file a motion to compel Gilbert to answer questions he had refused to answer at his deposition. See id. The next day, Gilbert filed police reports regarding alleged burglaries in 2006 and 2007, on "the advice of his counsel," according to the police report. Id. (citing Exhibit A to Defendants' Reply to Plaintiff's Response [Doc. 71] to Motion to Compel Deposition Testimony of Robert Lowell Gilbert (brackets in original), Santa Fe Police Department Offense Report at 2 (report dated March 19, 2008)(Doc. 90-2).

The affidavits from Gilbert about the alleged break-ins were submitted in Court filings. Gilbert's affidavit was attached to Chavez-Rodriguez' responses to two motions to compel. See Exhibit 1 to Plaintiff's Response to Motion to Compel, Motion for In Camera Examination of Counsel, Affidavit of Robert Lowell Gilbert, filed March 26, 2008 (executed March 25, 2008)(Doc. 69)("Gilbert Aff."); Exhibit 1 to Plaintiff's Response to Motion to Compel Deposition Testimony of Lowell Gilbert (Doc. 65), Gilbert Aff., filed March 27, 2008 (Doc. 71). The affidavit largely

discusses an alleged break-in of Gilbert's home, Gilbert's belief that his computer was compromised, and Gilbert's accusation that the City of Santa Fe and possibly others were behind the burglary.

The Defendants argue that Mr. O'Friel's firm did not hire Gilbert, but is asserting an employment relationship as an obstructionist tactic. The Defendants further contend that Gilbert's affidavit is rife with false or misleading statements, and that Mr. O'Friel encouraged Gilbert to file a police report to bolster the credibility of Gilbert's attacks. Mr. O'Friel denies all the Defendants' allegations. At the hearing, Mr. O'Friel requested a few days time to consider withdrawing the affidavit. Mr. O'Friel has not withdrawn the affidavit.

## ANALYSIS

The Defendants move for sanctions on two grounds: (i) that Gilbert's affidavit contains numerous false or misleading statements made in bad faith; and (ii) that Mr. O'Friel advised Gilbert to file a police report with the intent of fabricating evidence. For the most part, the Court does not find sufficient grounds to believe that Mr. O'Friel engaged in sanctionable conduct, with the exception of the statement in Gilbert's affidavit regarding the involvement of Mr. Allen in a burglary of Gilbert's home. The Court will therefore impose sanctions, but not to the degree the Defendants seek.

### I. MOST OF THE STATEMENTS IN THE AFFIDAVIT ARE JUSTIFIED, BUT THE STATEMENTS ASSERTING OR IMPLYING THAT MR. ALLEN WERE INVOLVED IN ANY BURGLARY OF GILBERT'S HOME ARE NOT JUSTIFIED.

The Defendants contend that there are numerous statements in the affidavit that are false or misleading: (i) "I was hired by O'Friel & Levy, P.C. on June 5, 2006 for the purpose of assisting them with the case,"; (ii) "I have done work for them in the past,"; (iii) "On September 12, 2006, my home was broken into"; (iv) "On December 21, 2007 there was another entry of the front door

of my home"; (v) "A police report has been made documenting three separate break-ins of my home"; (vi) "My home computer, however, was compromised"; (vii) "My computer was entered"; (viii) "I believe information stored there was taken"; (ix) "During the deposition, it seemed to me the attorney and Mr. Allen had knowledge of my home computer characteristics beyond normal"; and (x) "Based upon my personal knowledge of the behavior of the City in past cases, I have reason to believe they have invaded my home computer." After considering the evidence and argument Mr. O'Friel offers in response, the Court finds that only one of these statements lack a good-faith factual basis -- "Based upon my personal knowledge of the behavior of the City in past cases, I have reason to believe they have invaded my home computer." Gilbert Aff. at 2.

The first matter that must be addressed is the scope of this statement. The Defendants contend that the accusation includes Ms. Hoffman, who is retained counsel for the Defendants but not an employee of the City of Santa Fe, and who was at Gilbert's deposition along with Mr. Allen. The preceding sentence in the affidavit indicates that Gilbert is discussing both Ms. Hoffman and Mr. Allen: "During the deposition, it seemed to me the attorney and Mr. Allen had knowledge of my home computer characteristics beyond normal." Id. Gilbert then, however, references only the City in the sentence in which he makes a direct accusation of burglary: "Based upon my personal knowledge of the behavior of the City in past cases, I have reason to believe they have invaded my home computer." Id. (emphasis added). Read in conjunction, these two sentences are ambiguous. Some might consider the grammar bad, but using "they" to refer to the City of Santa Fe is a natural turn of phrase in modern English. Gilbert's statement might include Ms. Hoffman, but it might not. Mr. Allen, a City of Santa Fe employee, as well as the City more generally, however, are within the scope of the statement. Mr. O'Friel admitted as much at the hearing. The Court asked Mr. O'Friel whether the "they" Gilbert used in his affidavit referred to Allen as well as the City of Santa Fe and

Mr. O'Friel answered that it did. See Transcript of Hearing at 102:9-12 (Court & O'Friel)(taken September 25, 2008)(Doc. 248). Mr. O'Friel also stated, however, that he did not believe that Gilbert was directly accusing Mr. Allen of breaking into his computer. See id. at 102:13-20. Given the ambiguity in the text and Mr. O'Friel comments, the Court cannot fairly read the affidavit to constitute an attack on Ms. Hoffman. Gilbert's statement, however, does include both the City of Santa Fe and Mr. Allen.

With the scope of the statement identified, the next issue is whether the statement is adequately supported. The Court concludes that it is not. The apparent grounds for Gilbert's accusation are: (i) that the City of Santa Fe has a practice of engaging in such behavior during litigation; (ii) that Gilbert believed his home computer had been accessed during a break-in; and (iii) that the counsel at his deposition displayed an unusual degree of familiarity with the workings of his computer.

Gilbert has provided no sworn testimony or statements about the foundation for his belief that the City of Santa Fe routinely engages in criminal tactics as part of litigation, other than his conclusory assertion that it is based on "personal knowledge of the behavior of the City . . . ." Gilbert Aff. at 2. Gilbert's belief that Mr. Allen and Ms. Hoffman displayed an unusual amount of knowledge about his computer is based on their apparent knowledge about "'type fonts and other things' beyond that of a lay person." Memorandum in Support of Plaintiff's Response to Defendant's Motion for Sanctions at 3, filed August 22, 2008 (Doc. 159)("Response"). Neither Gilbert nor Mr. O'Friel offer any further explanation on this contention. Ms. Hoffman and Mr. Allen had documents Gilbert had written as part of discovery. See Reply to Plaintiff's Response in Opposition [Doc. 158] and Memorandum in Support Thereof [Doc. 159] to Defendants' Motion for Sanctions at 3, filed September 15, 2008 (Doc. 184)(brackets in original). Without further detail,

the Court cannot say that knowledge about "type fonts and other things" would give reasonable grounds to believe that Ms. Hoffman and Mr. Allen had documents stolen from Gilbert's personal computer. While Gilbert may have had some reasonable grounds to believe that his home had been broken into, and that even the City of Santa Fe was involved, he had little more than a hunch to link any break-in with Mr. Allen. His hunch is too slim of a reed on which to rest a sworn accusation of burglary, or complicity in a burglary, against Mr. Allen.

Finally, Mr. O'Friel may be sanctioned for this single unsupported statement in Gilbert's affidavit. While Mr. O'Friel did not personally make the statement at issue, nor did he sign the affidavit, he submitted the affidavit twice in court documents. Moreover, Mr. O'Friel relied on the accusation of burglary and impropriety the affidavit contains in one of his responses. Mr. O'Friel requested that "a Federal Magistrate . . . conduct an in camera examination of Defendants' attorney to determine whether there is any link between information supplied Defendants' attorney and the burglary at Lowell Gilbert's house." Plaintiff's Response to Motion to Compel at 14. Mr. O'Friel signed this filing pursuant to rule 11. Under rule 11(b)(3), an attorney's advocacy must have evidentiary support. Mr. O'Friel should have more thoroughly investigated the basis for Gilbert's beliefs before presenting Gilbert's affidavit to the Court or adopting Gilbert's inflammatory contentions in arguments to the Court.

## II. THERE IS INSUFFICIENT EVIDENCE THAT MR. O'FRIEL ADVISED GILBERT TO FILE A POLICE REPORT.

The Defendants contend that Mr. O'Friel fabricated evidence by advising Gilbert to file a police report regarding alleged past burglaries. The Defendants rely on two points to prove that Mr. O'Friel advised Gilbert to file a police report: (i) the suspicious timing of the police report; and (ii) a police report stating that Gilbert reported the burglaries on the advice of his attorney. The first

grounds is too speculative and the Court will not sanction an attorney on such a basis. Moreover, this first reason may provide a basis for questioning Gilbert's motives, but without something to connect Mr. O'Friel to the police report, it does not indicate that Mr. O'Friel was involved in fabricating evidence. Only the second piece of evidence provides a link between Mr. O'Friel and Gilbert's filing a police report. This second basis, however, is contested.

Mr. O'Friel submitted a new affidavit, in which Gilbert states that he filed a police report on the advice of his insurance agent, not on Mr. O'Friel's advice. See Exhibit 1 to Response, Second Affidavit of Robert Lowell Gilbert at 1 (executed August 22, 2008)(Doc. 159-2). The statement in the police report the Defendants cite is inadmissible hearsay. To prove that Mr. O'Friel advised Gilbert to file a police report would require using the statement Gilbert allegedly made to the police officer for the truth of the matter asserted. The Court will not sanction an attorney on the basis of speculation and inadmissible hearsay when there is an affidavit to the contrary. While Gilbert's credibility may be suspect at this point, the Court does not see grounds for believing that Gilbert was willfully false in his affidavit. Rather, Gilbert's affidavit reveals the he has a willingness to make accusations and that he perhaps harbors suspicion for the City of Santa Fe. The Court does not see any reason not to credit Gilbert's statement that he filed a police report on his insurance agent's advice. Moreover, Gilbert's explanation is reasonable. The Court can imagine a police officer filing a routine report accidentally writing down lawyer instead of insurance agent. Such scenarios, where the declarant is unavailable for a full examination, are a major reason for the rule against hearsay. The Court does not see grounds on the evidence in the record to sanction Mr. O'Friel for fabricating evidence.

## III. THE COURT WILL ORDER THE PARTIES NOT TO RELY ON THE UNSUPPORTED STATEMENT IN GILBERT'S AFFIDAVIT AND REQUIRE MR. O'FRIEL TO PAY THE DEFENDANTS CERTAIN COSTS AND FEES.

As sanctions, the Defendants specifically request that the Court: (i) order Mr. O'Friel to pay their fees and costs associated with bringing this present motion, as well as fees and costs associated with rebutting the accusations in Gilbert's affidavit; (ii) remove documents 69 and 71 from the Court record; and (iii) admonish Mr. O'Friel regarding his misconduct in this case. Because the Court finds that some, but not all, of Mr. O'Friel's conduct challenged her is sanctionable, the Court will impose some sanctions. The Court does not believe the circumstances warrant the degree of sanctions the Defendants urge.

Because the final sentence of Gilbert's affidavit -- "Based upon my personal knowledge of the behavior of the City in past cases, I have reason to believe they have invaded my home computer" -- lacks sufficient support, the Court will order that parties not rely on that sentence from the record, but will retain the remainder of the affidavit. The Court will not strike or remove the affidavit, the statement, or the documents to which the affidavit is attached from the record entirely, because they are part of the record of this case and the basis of this opinion. Additionally, because the Defendants should not have to bear the costs of challenging the statement, and to fulfill rule 11(c)(4)'s mandate that sanctions should be limited to what is needed to deter similar conduct, the Court will award the Defendants fifteen-percent of their reasonable fees and costs associated with briefing the present motion, but not with their expenses associated with arguing the motion at the hearing. The Court believes that the further fees and costs the Defendants request would be unnecessary for deterrence under rule 11(c)(4). Furthermore, the Court is only granting a small portion of the Defendants' motion. Any difference between the fees associated with the successful segments of the Defendants' motion and the full cost of the motion should be adequate deterrence

of misconduct. The Defendants will submit their requested fees and costs to Mr. O'Friel. If Mr. O'Friel does not dispute the amount requested, he shall pay that amount to the Defendants within thirty days of receipt of the Defendants' request or at another time upon which the parties agree. If Mr. O'Friel disputes the request, he should raise the matter with the Court within ten days of receiving the request.[1]

Although the Court is sanctioning Mr. O'Friel for some of the language in Gilbert's affidavit, the Court emphasizes that its reason for imposing sanctions is Mr. O'Friel's making serious accusations on an insufficient foundation, without conducting the reasonable inquiry rule 11(b) requires. Mr. O'Friel perhaps placed undue trust in Gilbert's allegations. The Court has had the opportunity to observe Mr. O'Friel at numerous hearings over the life of this case and believes him to be an honorable attorney. The Court is obligated to do its duty and impose sanctions, but the Court emphasizes that it does not believe that Mr. O'Friel's professionalism should be impugned by the Court's decision.

**IT IS ORDERED** that the Defendants' Motion for Sanctions Pursuant to Rule 11(c) and the Inherent Power of this Court in Connection with Plaintiff's Response to Motion to Compel Deposition Testimony of Lowell Gilbert (Docs. 69 and 71) is granted in part and denied in part. The Court will order the parties not to rely on the last sentence of Robert Lowell Gilbert's first affidavit. The Court will also require that Daniel J. O'Friel pay the Defendants fifteen-percent of their reasonable costs and fees associated with briefing this motion, but not of their expenses in arguing the motion at the hearing.

[1] The Defendants also request that the Court admonish Mr. O'Friel. With this memorandum opinion and order, the Court has done so and sufficiently cautioned him about future conduct.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel J. O'Friel
Pierre Levy
O'Friel and Levy, P.C.
Santa Fe, New Mexico

*Attorneys for the Plaintiff*

Steve French
Robyn B. Hoffman
Robert W. Becker
French & Associates, PC
Albuquerque, New Mexico

*Attorneys for the Defendants*