IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA CHAVEZ-RODRIGUEZ,

      Plaintiff,

vs.                                                                                No. CIV 07-0633 JB/DJS

CITY OF SANTA FE, MAYOR DAVID COSS,
in His Official and Individual Capacity,
COUNCILOR KAREN HELDMEYER,
in Her Official and Individual Capacity,
JOHN B. "JACK" HIATT in His Official
and Individual Capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment and Memorandum of Law Based on Qualified Immunity, filed December 12, 2008 (Doc. 244)("Motion"). The Court held a hearing on February 12, 2009. The primary issue is whether the applicable law was clearly established at the time the Defendants allegedly took adverse action against Plaintiff Patricia Chavez-Rodriguez. A secondary issue is whether the Defendants were aware of Chavez-Rodriguez' protected speech, but this issue is not properly before the Court. Because the Court concludes that the relevant First Amendment law was clearly established at the time of the alleged adverse actions, the Court will deny the motion. On the other hand, the Court will not certify an interlocutory appeal of this denial as frivolous.

## FACTUAL BACKGROUND

The issues properly before the Court are largely legal issues concerning Chavez-Rodriguez' conversation with Ben Lujan, the Speaker of the New Mexico House of Representatives, at a banquet for volunteers in 2005. The Court has already discussed the details surrounding this

banquet.  See Memorandum Opinion and Order at 6-7, entered October 17, 2008 (Doc. 234)("MOO"); Memorandum Opinion and Order at 2-3, entered February 28, 2009 (Doc. 286)("February 28 MOO").  No further facts are necessary to the resolution of this motion.

## PROCEDURAL BACKGROUND

On October 17, 2008, the Court ruled that Chavez-Rodriguez' speech with Lujan at the banquet is protected speech as a matter of law.  See MOO at 43.  Since then, the Defendants have filed several motions to reconsider the Court's rulings and the present motion for qualified immunity.  On January 22, 2009, the Court vacated the trial setting in this case for the second time, rescheduling the trial to begin April 20, 2009.  See Minute Order, entered January 22, 2009 (Doc. 262).  Because of the need to address the outstanding motions and the possibility of an interlocutory appeal in the event the Defendants' motion for qualified immunity is denied, the Court discussed with the parties at the January 22, 2009 hearing how the motions should be heard.

The Defendants stated that the Court should hear this motion alongside the the Defendants' Motion for Reconsideration of Court Order [Doc. 234] that Plaintiff's Speech with the Speaker of the House of Representatives is Protected as a Matter of Law and Memorandum in Support, filed December 4, 2008 (Doc. 241)(brackets in original).  The Defendants' counsel, Robyn Hoffman, said that the Court should hear the two together because they presented "the same issue."  Transcript of Hearing at 22:12-13 (taken January 22, 2009)(Hoffman).[1]  Although Chavez-Rodriguez had previously sought to strike the motion for qualified immunity, at the hearing her counsel agreed that the motions should be heard on the merits.  Accordingly, the Court set the two motions for a hearing on February 12, 2009.  The Court has already granted the Defendants' motion for reconsideration

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

to the extent of revisiting its earlier ruling, but otherwise denied the motion. See February 28 MOO at 16.

In this motion, the Defendants move the Court, pursuant to rule 56(b) of the Federal Rules of Civil Procedure, for an order granting summary judgment in their favor based on qualified immunity. The Defendants contend that neither the factors that the Court used in deciding that Chavez-Rodriguez' speech was protected, nor the standard the Court applied to determining whether there was sufficient evidence that Chavez-Rodriguez' motivated the alleged retaliation, were clearly established law. The Defendants may also be arguing the factual point that there is no evidence showing that they were aware of Chavez-Rodriguez' speech. Chavez-Rodriguez disputes these issues and asks the Court to deny the motion. Additionally, she requests that the Court retain jurisdiction in the event the Defendants pursue an interlocutory appeal or else certify any such appeal as frivolous. See Plaintiff's Amended Response in Opposition to Defendants' Motion for Summary Judgment Based on Qualified Immunity [Doc. No. 244] at 19-21, filed February 6, 2009 (Doc. 272)(footnote omitted, brackets in original).[2]

## **ANALYSIS**

The Defendants present two main lines of argument why they are entitled to summary judgment: (i) that the factors on which the Court relied to determine that Chavez-Rodriguez was speaking as a private citizen are not clearly established; and (ii) that the standard regarding causation the Court applied is not clearly established. The first argument involves an excessively cramped view of what clearly established means, while the second argument is not a proper consideration

---

[2] The Defendants have also moved to amend their reply, with Chavez-Rodriguez' concurrence, after the hearing. The Court has granted the motion and has reviewed the amended reply. Nothing in the amended reply changes the Court's ruling here.

under the clearly established law doctrine. While the Defendants also appear to argue that there is no evidence that they were aware of Chavez-Rodriguez' protected speech, that particular argument is not properly before the Court on this motion.[3] If, however, the Defendants pursue an interlocutory appeal of this opinion and order, the Court will not at this time certify the appeal as frivolous.

**I.    THE RELEVANT LAW ON WHEN A PUBLIC EMPLOYEE ACTS PURSUANT TO HER OFFICIAL DUTIES WAS CLEARLY ESTABLISHED.**

The Defendants' first line of argument is that the factors on which the Court relied to determine that Chavez-Rodriguez' speech was not pursuant to her official duties were not clearly established.[4] This focus on the particular facts that the Court found relevant to assessing whether Chavez-Rodriguez' conversation with Lujan was pursuant to her official duties is unduly narrow. The Defendants' challenge is essentially a disagreement with the application of the law to the particular facts of this case. The relevant legal principles, however, were clearly established.

The Defendants devote much of their briefing to repeating the arguments that the Court has previously rejected when determining that Chavez-Rodriguez' conversation with Lujan was protected speech as a matter of law, see MOO at 39-43, and more recently in denying the arguments

---

[3] The Court also notes that the Supreme Court of the United States recently held that courts need not follow the rigid two-step process that Saucier v. Katz, 533 U.S. 194 (2001), mandated in qualified immunity cases. Courts may now first address whether there is a constitutional violation or whether the right alleged violated was clearly established. See Pearson v. Callahan, 129 S.Ct. 808, 818 (2009). Because the only issue properly raised here is the clearly established prong of qualified immunity, the Court need not decide the proper sequencing for this motion.

[4] In arriving at its determination, the Court relied on several conclusions about the facts: (i) the banquet was "more of a ceremonial duty than a managerial one"; (ii) Chavez-Rodriguez had known Lujan for many years and he was friends with Chavez-Rodriguez' family; (iii) Lujan initiated the conversation by asking how Chavez-Rodriguez was doing; (iv) the New Mexico Legislature does not have direct oversight of the Division of Senior Services; and (v) Chavez-Rodriguez' only express duty to the New Mexico Legislature was to report about progress and concerns. MOO at 39-43.

raised in the Defendants' motion to reconsider, see February 28 MOO at 7-16, albeit now under the rubric of clearly established law.  Much of this argument appears to stand for the proposition that the law is not clearly established because the Court's analysis was incorrect.  The Court will not revisit, for a third time, whether the Court correctly applied Garcetti v. Ceballos, 547 U.S. 410 (2006), and the Tenth Circuit cases that followed.  Instead, the Court will address the remaining issue whether the relevant law was clearly established.  Once the question turns to whether the law that was violated was clearly established, it is assumed that a law was violated.  See Pearson v. Callahan, 129 S.Ct. at 815-16 (noting that under the old rule in Saucier v. Katz, the question whether the law was clearly established  arose only once it was determined that the plaintiff had made out a violation of a constitutional right).  The Court will therefore, to the extent possible, read the Defendants' arguments as asserting not that the Court got it wrong per se, but that the Court's analysis was too novel in the light of past cases for the governing law to be clearly established.

The United States Court of Appeals for the Tenth Circuit's recent decision in Thomas v. City of Blanchard, 548 F.3d 1317 (10th Cir. 2008), largely disposes of this issue.  In Thomas v. City of Blanchard, the Tenth Circuit summarily dismissed an argument that the law regarding First Amendment retaliation was not clearly established.  Quoting from  Casey v. West Las Vegas Independent School District, 473 F.3d 1323 (10th Cir. 2007), the Tenth Circuit stated:

> Finding that Ms. Casey's right to be free from retaliatory employment action based on her protected First Amendment activities was potentially violated, we must still ask whether the right Ms. Casey asserts was clearly established in law such that it put defendants on notice of the impropriety of their alleged retaliation. This we have little difficulty in doing. It has long been established law in this circuit that when a public employee speaks as a citizen on matters of public concern to outside entities despite the absence of any job-related reason to do so, the employer may not take retaliatory action.

Thomas v. City of Blanchard, 548 F.3d at 1328 (quoting Casey v. West Las Vegas Independent

School District, 473 F.3d at 1333-34). The situation here is analogous. The Court concludes that it is clearly established that officials cannot take retaliatory actions against a public employee on the basis of the employee's speaking as a private citizen to a family friend about matters of public concern. Whether the Defendants were aware of Chavez-Rodriguez' conversation and whether the conversation was a substantial motivating factor in any actions they allegedly took against Chavez-Rodriguez are factual questions that do not affect whether the right Chavez-Rodriguez alleges was violated is clearly established.

More specifically, the Court also does not believe that, because several of the factors the Court considered in determining that Chavez-Rodriguez' speech was protected have not been identified in other court decisions, the law was not clearly established. The Defendants' focus is too narrow. "A right is clearly established when, at the time of the alleged violation, the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Christensen v. Park City Mun. Corp., 2009 WL 279332 at *5 (10th Cir.)(internal quotation marks omitted, alteration in original). The facts that the Court considered led the Court to conclude that Chavez-Rodriguez' conversation resembled "a normal conversation between two people who have known each other a long time about the troubles one of them was having." MOO at 40. The Court considered various facts, such as Chavez-Rodriguez' relationship with Lujan and Lujan's initiating the conversation and asking how Chavez-Rodriguez was doing, to determine whether she was speaking as a private citizen or not. The Court concluded that the picture the facts presented did not show that Chavez-Rodriguez was speaking pursuant to her official duties. The particular fact pattern that the Court had to confront was probably unique, as most factual scenarios are in at least some way, but the basic legal principles applied, such as whether Chavez-Rodriguez acted pursuant to her official duties, or even many of the narrower legal rules,

-6-

such as that speech occurring during work or involving work-related subject matter were not automatically official speech, were laid out in Garcetti v. Ceballos. See 547 U.S. at 420 (stating that not all speech at work is official speech); id. at 421 (stating that not all speech about job-related subjects is official speech). As the Tenth Circuit stated, clearly established law "does not mean that there must be a published case involving identical facts; otherwise we would be required to find qualified immunity wherever we have a new fact pattern." York v. City of Las Cruces, 523 F.3d 1205, 1212 (10th Cir. 2008)(internal quotation marks omitted). "Instead, a general constitutional rule can apply with obvious clarity to the specific conduct in question, even though such conduct has not previously been held unlawful." Id. (internal quotation marks omitted). Here, the general constitutional rules lead the Court to conclude that Chavez-Rodriguez' speech was protected. This conclusion arises naturally from the facts. The primary issue is a matter of applying the established law to the unique facts of this case.[5]

---

[5] Additionally, although the parties have not discussed this issue before the Court and the Court therefore does not rule on this basis, the parties' arguments assume that all the cases interpreting Garcetti v. Ceballos are relevant to the clearly established law analysis. The speech in question, however, occurred before the Supreme Court handed down Garcetti v. Ceballos on May 30, 2006. On the other hand, the potentially retaliatory actions that remain in this case occurred in November 2006 -- the baseball bat incident -- and from December 2006 through early 2007 -- the transfer incident, and at a time of which the precise date the Court is not aware -- the reclassification incident. It thus appears that all the remaining alleged retaliation occurred after Garcetti v. Ceballos. The Tenth Circuit did not, however, begin developing a body of law further interpreting when an employee acts pursuant to her duties until January 2007, when Green v. Board of County Comm'rs, 472 F.3d 794 (10th Cir. 2007), and Casey v. West Las Vegas Independent School District were handed down, on January 2 and 24, 2007, respectively. Which side this fact helps is an open question. Garcetti v. Ceballos restricted the First Amendment rights of public employees and did so on a narrow basis where the speech at issue was an express job duty, directed at influencing a supervisor on an issue squarely within the speaker's job responsibilities, so it might be that a fairly broad constitutional right, grounded in pre-Garcetti v. Ceballos law, is the appropriate starting point, with various exceptions carved out as the reach of Garcetti v. Ceballos is clarified. Thomas v. City of Blanchard may hint that this is the correct approach.

## II. THE CAUSATION ISSUE IS NOT PROPERLY BEFORE THE COURT, AND TO THE EXTENT THAT THE DEFENDANTS ARGUE THAT THE CAUSATION STANDARD THE COURT APPLIED IS NOT CLEARLY ESTABLISHED, THE DEFENDANTS ARE NOT RAISING AN APPROPRIATE ISSUE.

The Defendants' second major line of argument is oddly phrased. The Defendants argue that "it was not well established that personal animus towards an employee is sufficient to establish retaliation where Defendants did not have knowledge of the protected speech." Motion at 19 (emphasis & capitalization removed). The Defendants apparently seek to convert a factual issue -- whether there is sufficient evidence of causation -- into a legal issue -- whether the standard governing causation the Court employed is clearly established. At the hearing, the Court questioned the Defendants about what they were trying to accomplish with this particular part of their motion. Ms. Hoffman stated that she was intending to move on whether there was sufficient evidence that the Defendants knew about Chavez-Rodriguez' speech with Lujan at the banquet. The Court has previously ruled on whether Chavez-Rodriguez has presented sufficient evidence of causation. See MOO at 50-54. The Defendants have filed, separate from this present motion for qualified immunity, a motion for reconsideration of these same issues of what the Court terms causation, i.e., whether Chavez-Rodriguez' speech was a substantial factor motivating any alleged retaliatory act. See Defendants' Motion for Reconsideration of Court's Order [Doc. 234] Denying in Part Defendants' Motion for Partial Summary Judgment on First Amendment Retaliation (Count I) and Memorandum in Support, filed December 12, 2008 (Doc. 243)(brackets in original). Both Ms. Hoffman and Chavez-Rodriguez' counsel stated that they were not prepared to address that motion at the hearing. See Tr. at 101:15-25 (Levy); 111:18-23 (Hoffman).

It is not clear from the briefing whether the Defendants are moving on an absence-of-evidence issue in their qualified-immunity motion apart from whether the legal principles about

causation are clearly established. Given that the Court has already ruled on the issue of causation and that the Defendants have moved to reconsider that holding in a separate motion, which they were not prepared to address at the hearing, but have not moved to reconsider in this qualified-immunity motion, the Court believes that the causation issue is not properly before the Court. Moreover, it appears that Chavez-Rodriguez did not necessarily understand the Defendants' motion to be seeking to reconsider causation either. Furthermore, the Court does not intend to reconsider its opinion twice, particularly when the second motion addressing the same issues was filed before the Court has even ruled on the first motion. The best course of action would be for the Court to consider the causation issue on the separate motion to reconsider pending before it. This approach will allow Chavez-Rodriguez to fully confront the issue, will allow the Court to review all the Defendants' evidence and arguments as well -- which are more lengthy and substantial in the motion to reconsider -- and will avoid the Court's having to revisit the same issues a second and then a third time. The Court will allow the Defendants to incorporate the evidence and arguments presented in this motion into their motion for reconsideration.

To the extent the causation issue is properly before the Court, the Defendants seem to argue that there is no clearly established law that animus can substitute for knowledge. This argument misinterprets both this Court's earlier opinion and the law governing qualified immunity. The Court most specifically discussed what a plaintiff must prove when considering the evidence regarding Defendant Jack Hiatt. The Court stated: "Chavez-Rodriguez need not affirmatively show that Hiatt was aware of her protected activity. <u>If</u> the Defendants, though, produce evidence that Hiatt was ignorant of her protected activity, and Chavez-Rodriguez could not counter such evidence, that evidence could show a fatal break in the chain of causation." MOO at 53 (emphasis added). It is uncontroversial that, if the "Defendants were not aware the conversation took place, . . . they could

-9-

not have retaliated against [Chavez-Rodriguez] based on that protected speech." Motion at 19 (citing Morfin v. City of East Chicago, 349 F.3d 989, 1005 (7th Cir. 2003)).  A plaintiff, however, does not need to provide direct evidence of that knowledge.  Circumstantial evidence, such as temporal proximity, animus, and many other potential facts, might all provide evidence of knowledge and causation in the appropriate situation.  The Defendants' motion therefore misses the mark because it assails a theory of causation that the Court did not employ.  The Defendants are correct that it is not well-established law that personal animus can substitute for knowledge where a defendant was ignorant of the protected speech.  Not only is such a principle not well-established, the principle is wrong.  This erroneous principle, however, is a straw man.  The Court did not base its decision on such a theory.

The Defendants' argument is also flawed on a more fundamental level.  Even if the Defendants correctly characterize the standard of knowledge and causation the Court used, whether that standard was well-established would not be an issue in a qualified-immunity analysis.  The question under the clearly established law step of qualified immunity is whether the "right at issue was clearly established at the time of defendant's alleged misconduct."  Pearson v. Callahan, 129 S.Ct. at 816 (internal quotation marks omitted and emphasis added).

### III.  THE COURT WILL NOT CERTIFY AN INTERLOCUTORY APPEAL AS FRIVOLOUS.

Chavez-Rodriguez urges the Court to certify any interlocutory appeal from this motion as frivolous or to otherwise retain jurisdiction in the event of an appeal. While an appeal from a denial of qualified immunity will normally divest a district court of jurisdiction, "[i]f the claim of immunity is a *sham* . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks."  Stewart v. Donges, 915 F.2d 572, 577 (10th Cir.

1990)(emphasis in original).  "Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed. To regain jurisdiction, it must take the affirmative step of certifying the appeal as frivolous or forfeited, and until that step is taken it simply lacks jurisdiction to proceed with the trial." Id. at 577-78 (emphasis added).  The Tenth Circuit's articulation of how a district court may retain jurisdiction in the face of interlocutory appeal indicates that the Court should not pre-judge an appeal as frivolous.  This may, however, be more of a technicality, and the Court may well be able to decide at this point whether an appeal would be frivolous and then certify an appeal as such if a notice is actually filed.  Regardless, while Thomas v. City of Blanchard gives the Court some pause about how meritorious any appeal from this motion might be, the Court does not believe that an appeal from this opinion and order would be frivolous and will not certify an appeal as such.  While the Court does not think that the clearly established law argument has much force, if the Defendants combine that argument with the question whether the Court has correctly applied the legal principles in Garcetti v. Ceballos to the facts of this case, the Court cannot say that appeal of whether there is a genuine issue of material fact regarding the existence of a constitutional violation is frivolous.

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment Based on Qualified Immunity is denied.  The Court will allow the Defendants to rely on the evidence and arguments regarding causation presented here to support their Motion for Reconsideration of Court's Order [Doc. 234] Denying in Part Defendants' Motion for Partial Summary Judgment on First Amendment Retaliation (Count I) and Memorandum in Support.  The Court will not certify any interlocutory appeal from this order as frivolous at this time.

                        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Daniel J. O'Friel
Pierre Levy
O'Friel and Levy, P.C.
Santa Fe, New Mexico

    *Attorneys for the Plaintiff*

Steve G. French
Robyn B. Hoffman
Robert W. Becker
Michelle Lalley Blake
French & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*